## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY STONE, | |
| Plaintiff, | CIVIL ACTION |
| v. | CASE NO. 18-cv-552 |
| CREDIT COLLECTION SERVICES, | |
| Defendant. | JURY TRIAL DEMANDED |

### COMPLAINT FOR RELIEF PURSUANT TO THE
### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT,
### THE UNITED STATES BANKRUPTCY CODE AUTOMATIC STAY, AND
### THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

COMES NOW Plaintiff, Timothy Stone ("Plaintiff"), by and through his attorneys, the Law Offices of William A. Mueller, LLC, complaining of the Defendant, Credit Collection Services ("Defendant") as follows:

#### NATURE OF THE ACTION

1.   Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, et seq., for violations of the Bankruptcy Automatic Stay pursuant to 11 U.S.C. §362, and for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

#### JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Southern District of Illinois and all of these events or omissions giving rise to these claims occurred within the Southern District of Illinois.

PARTIES

4.  Plaintiff, Timothy Stone, is a natural person who at all times relevant resided in O'Fallon, Illinois, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3),  as he was obligated to pay the debt.

5.  At all times relevant to this action, Defendant was engaged to collect a debt on behalf of the original creditor, Quest Diagnostics ("subject debt")

6.  Defendant qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly collects debts and uses the mail and/or the telephone to collect delinquent consumer accounts.

7.  Defendant qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because the debt, which is the subject of this complaint, was in default when Defendant acquired rights to the debt.

8.  Defendant qualifies as a "debt collector" as defined by the FDCPA because the principal purpose of its business is to collect debt and it regularly collects or attempts to collect defaulted debts owed to another party.

9.  At all times relevant to this complaint, Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692a.

FACTS SUPPORTING CAUSE OF ACTION

10. On November 8, 2017, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 17-31705, invoking the protection of the

2

automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit 1, a true and correct copy of the Notice of Bankruptcy.

11. Plaintiff listed Quest Diagnostics ("Original Creditor") as a creditor for a debt ("subject debt") on his bankruptcy Schedule E/F.  *See* Exhibit 2, a true and accurate copy of Schedule E/F filed with Plaintiff's Bankruptcy Petition.

12. Since Plaintiff listed Quest Diagnostics in his bankruptcy schedules, the Bankruptcy Noticing Center ("BNC") sent the Original Creditor notice of the bankruptcy filing. *See* Exhibit 3, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon Quest Diagnostics.

13. Plaintiff's 341(a) meeting of creditors was held on December 18, 2017.

14. No representative of the Original Creditor attended the meeting of creditors.

DEFENDANT'S UNLAWFUL POST-PETITION COMMUNICATION

15. On December 28, 2017, with actual knowledge of Plaintiff's Bankruptcy case, Defendant attempted to collect the subject debt from Plaintiff personally by sending a payment demand ("dunning letter") directly to the Plaintiff at his home address in O'Fallon, Illinois. *See* Exhibit 4, a true and correct copy of the December 28, 2017, dunning letter sent to the Plaintiff from Defendant.

16. The dunning letter sent by Defendant indicated the amount of the debt was $245.62. *Id.*

17. The dunning letter included a detachable payment coupon instructing Plaintiff to return to the Defendant with payment. *Id*.

18. The December 28, 2017, dunning letter sent by Defendant to Plaintiff further stated, "We are required to make the following statement:  This is an attempt to collect a debt and any

3

information obtained will be used for that purpose. This communication is from a debt collector." *Id.*

19. On January 29, 2018, with actual knowledge of Plaintiff's Bankruptcy case, Defendant attempted to collect the subject debt from Plaintiff personally by sending a payment demand ("dunning letter") directly to the Plaintiff at his home address in O'Fallon, Illinois. *See* Exhibit 5, a true and correct copy of the January 29, 2018, dunning letter sent to the Plaintiff from Defendant.

20. The dunning letter sent by Defendant stated, "As of 01/29/2018, your past-due account remains unpaid." *Id.*

21. The dunning letter sent by Defendant indicated the amount of the debt was $245.62. *Id.*

22. The dunning letter included a detachable payment coupon instructing Plaintiff to return to the Defendant with payment. *Id.*

23. The January 29, 2018, dunning letter sent by Defendant to Plaintiff further stated, "We are required to make the following statement: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector." *Id.*

24. On February 19, 2018, with actual knowledge of Plaintiff's Bankruptcy case, Defendant attempted to collect the subject debt from Plaintiff personally by sending a payment demand ("dunning letter") directly to the Plaintiff at his home address in O'Fallon, Illinois. *See* Exhibit 6, a true and correct copy of the February 19, 2018, dunning letter sent to the Plaintiff from Defendant.

25. The dunning letter sent by Defendant stated, "As of 02/19/2018, your past-due account remains unpaid." *Id.*

26. The dunning letter sent by Defendant indicated the amount of the debt was $245.62. *Id*.

27. The dunning letter included a detachable payment coupon instructing Plaintiff to return to the Defendant with payment. *Id*.

28. The February 19, 2018, dunning letter sent by Defendant to Plaintiff further stated, "We are required to make the following statement:  This is an attempt to collect a debt and any information obtained will be used for that purpose.   This communication is from a debt collector." *Id*.

29. Defendant's collection efforts occurred with knowledge of Plaintiff's bankruptcy filing.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and re-alleges paragraphs 1 through 29 as fully set forth herein.

31. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as the amount due or owed to another arises out of a transaction primarily for personal, family or household purposes.

32. Defendant is a "debt collector" because it uses the mail system in the operation of collecting debts owed or due to another. 15 U.S.C. § 1692a(6).

33. Defendant violated 15 U.S.C. §§ 1692b(6), 1692c(a)(2), 1692e(2), 1692e(10), and 1692f through its debt collection efforts of the "subject debt" which is a consumer debt.

34. Defendant violated 15 U.S.C. § 1692b(6) and § 1692c(a)(2) as it knew or had reason to know that Plaintiff was represented by counsel and counsel did not consent to communication with the Plaintiff.

35. Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the subject debt.  The subject debt was not collectible at the time Defendant demanded payment by virtue of the automatic stay.

5

36. Defendant violated 15 U.S.C. §1692e(10) when it misrepresented that the subject debt was collectible when it sent the bill to Plaintiff, as it was not collectible by virtue of the automatic stay.

37. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt because Defendant was no longer able to collect the subject debt under the automatic stay.

38. Defendant attempted to coerce Plaintiff into paying a debt that was not legally collectible because Plaintiff was protected by the automatic stay.

39. As an experienced debt collector, Defendant knew or should have known not to send bills to a debtor that is protected by the automatic stay.

40. Defendant knew or should have known that Plaintiff's pre-petition debt was uncollectable at the time, due to the automatic stay.

41. Defendant appears to have no system in place to identify and cease the collection of debts included in an active Chapter 7 bankruptcy.

42. Defendant's failure to scan their database to prevent the unlawful collection of the subject debt was willful.

43. Plaintiff suffered from Defendant's unlawful collection activities.

44. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the subject debt, as he was led, by Defendant's collection activities, to believe his bankruptcy had no effect.  The dunning letter was highly confusing to Plaintiff.

45. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

46. Concerned about the violations of his rights and protections that were expected by his bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

47. Plaintiff has expended time consulting with his attorney and has incurred attorney fees as a result of Defendant's deceptive collection actions.

WHEREFORE, Plaintiff, Timothy Stone, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Awarding Plaintiff statutory damages for the underlying FDCPA violations;

c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k;  and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II**
**VIOLATIONS OF THE BANKRUPTCY AUTOMATIC STAY**

48. Plaintiff repeats and re-alleges paragraphs 1 through 47 as fully set forth herein.

49. The United States Bankruptcy code imposes an automatic stay against any act to collect, assess or recover a claim against a Debtor that arose prior to the filing for protection under the code pursuant to 11 U.S.C. § 362(a)(6).

50. The debt owed to Defendant is such a debt that the automatic stay is designed to prevent creditors and collectors from continuing to collect, assess or recover against the Plaintiff after the filing of the bankruptcy.

51. If the act to collect on the subject debt after the bankruptcy is filed is deemed willful then Plaintiff may recover actual damages as well as punitive damages pursuant to 11 U.S.C. § 362(k).

52. As the Original Creditor was notified of the bankruptcy filing, the actions taken by Defendant to collect on this debt while the Plaintiff was under the protection of the automatic stay were willful under 11 U.S.C. § 362(k).

53. Plaintiff suffered from Defendant's unlawful collection activities.

54. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the subject debt, as he was led, by Defendant's collection activities, to believe his bankruptcy had no effect.  The dunning letter was highly confusing to Plaintiff.

55. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

56. Concerned about the violations of his rights, and due to the protections he expected as a result of his bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

57. Plaintiff has expended time consulting with his attorney and has incurred attorney fees as a result of Defendant's deceptive collection actions.

WHEREFORE, Plaintiff, Timothy Stone, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

   b.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   c.  Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiff's costs, reasonable attorney fees, and punitive damages pursuant to 11 U.S.C. § 362(k).

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD**
**AND DECEPTIVE BUSINESS PRACTICES ACT**

58. Plaintiff repeats and re-alleges paragraphs 1 through 57 as fully set forth herein.

59. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

60. Defendant is engaged in "commerce" as defined in ICFA, 815 ILCS 505/1(f).

61. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect from Plaintiff a debt protected by the Automatic Stay afforded by the Bankruptcy Code, 11 U.S.C. § 362.

The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

62. Defendant's collection attempt represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the dunning letter was sent to Plaintiff.

63. Defendant's dunning letter was sent with knowledge of the automatic stay. It was unfair to Plaintiff because the subject debt was not collectible as a matter of law.

64. Defendant's failure to abide by the automatic stay constitutes deception and unfairness in regards to its collection attempts upon Plaintiff.

9

65. Defendant's confusing and deceptive dunning letter sent to Plaintiff demonstrates that Defendant regularly engages in such practices designed to mislead debtors.

66. ICFA was designed to protect consumers from the unfair and deceptive acts committed by Defendant.

67. Defendant's misrepresentations are unlawful, contradicting the intent of ICFA.

68. Defendant intended for Plaintiff to rely on its misrepresentations by sending the dunning letter to induce payment on an uncollectable debt.

69. It was unfair for Defendant to mislead Plaintiff into believing that he was presently obligated to make payment on the subject debt, when he was not.

70. It was unfair for Defendant to seek to collect the subject debt from Plaintiff through its misleading dunning letter.

71. It was unfair for Defendant to attempt to induce Plaintiff into making payments on an uncollectable debt by sending the dunning letter to Plaintiff.

72. Defendant intended that Plaintiff rely on its misrepresentation, and Plaintiff did, in fact, rely on Defendant's misrepresentation as he was led to believe his bankruptcy had no legal effect and that he still owed the subject debt to Defendant.

73. Defendant's demand was unfair and deceptive because it was systematically calculated to mislead Plaintiff into believing the subject debt was still owed, when in fact the subject debt was under the automatic stay in Plaintiff's bankruptcy.

74. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a

75. Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a for the following reasons:

a.   Plaintiff has suffered damages in the form of emotional distress and time spent consulting with his attorneys as a result of Defendant's unlawful collection practice.

b.   An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, showed reckless disregard for the Plaintiff's rights, and Plaintiff had no choice but to submit to the dunning letter.

WHEREFORE, Plaintiff, Timothy Stone, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

c.   Ordering the deletion of adverse credit reporting, if any, related to the debt;

d.   Awarding Plaintiff's costs and reasonable attorney fees pursuant to 815 ILCS 505/10a(c);

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 8, 2018

Respectfully Submitted,

/s/ Ronald A. Buch
Ronald A. Buch, ARDC #: 6209955 **lead counsel**
Kimberly D. Wirth, ARDC #:6299352
William A. Mueller, ARDC #:  6187732
Attorneys for Plaintiff
Law Offices of William A. Mueller, LLC
5312 West Main Street
Belleville, IL 62226
Phone: (618) 236-7000
Fax: (618) 236-7002